# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

WENDY H. DUARTE,
    *Plaintiff*,

v.

WESTERN CONNECTICUT HEALTH NETWORK,
    *Defendant*.

No. 3:16-CV-01757 (JAM)

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

Plaintiff Wendy H. Duarte brings this *pro se* lawsuit against her former employer, defendant Western Connecticut Health Network,[1] alleging discrimination and retaliation in violation of Title VII, the Americans with Disabilities Act (ADA), and the Connecticut Fair Employment Practices Act (CFEPA). Defendant has filed a motion to dismiss (Doc. #22), urging me to dismiss plaintiff's complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons explained below, I will grant in part and deny in part defendant's motion to dismiss.

Defendant first argues that plaintiff's CFEPA claims (Counts Five and Six of the complaint) must be dismissed because plaintiff failed to exhaust her administrative remedies. Before bringing a CFEPA claim in federal court, a plaintiff must first exhaust her state administrative remedies. This means that a plaintiff must timely file a complaint with the Connecticut Commission on Human Rights and Opportunities (CHRO); if the CHRO issues a release of jurisdiction, then a plaintiff may bring suit in court. *See* Conn. Gen. Stat. § 46a-101;

---

[1] Plaintiff filed her complaint against "Western Connecticut Health Network formerly Norwalk Hospital (Norwalk Radiology & Women Mammography Center)." Doc. #1 at 1. Defendant filed its motion to dismiss under the name Norwalk Hospital, suggesting in a footnote that Western Connecticut Health Network was improperly named. *See* Doc. #23 at 1 n.1. The Court does not address this issue at this time, except to note that either party may file a motion to amend the caption in this case.

*Collins v. Univ. of Bridgeport*, 781 F. Supp. 2d 59, 62–63 (D. Conn. 2011). Failure to exhaust administrative remedies is a basis for dismissal. *Id*. at 63. Moreover, the fact that plaintiff may have timely exhausted her federal law remedies with the U.S. Equal Employment Opportunity Commission (EEOC) does not satisfy her obligation under CFEPA to have exhausted her state law remedies with the CHRO. *See Winter v. State of Connecticut*, 2016 WL 6122926, at *4 (D. Conn. 2016).

Plaintiff's complaint does not attach a copy of a release of jurisdiction letter from the CHRO, nor does the complaint allege that plaintiff received such a letter. Accordingly, I will dismiss Counts Five and Six of the complaint. If plaintiff believes that she has exhausted her state law remedies, however, she may file an amended complaint within thirty days alleging exhaustion and attaching a release of jurisdiction from the CHRO.

Second, defendant contends that plaintiff's federal law claims (Counts One through Four) should be dismissed on grounds of untimeliness. It is well established that a plaintiff bringing a Title VII or ADA suit in federal court must obtain a right-to-sue letter from the EEOC and file suit within 90 days of receiving that letter. *See* 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a); *McPherson v. New York City Dep't of Educ.*, 457 F.3d 211, 213–14 (2d Cir. 2006). Defendant argues that plaintiff did not meet this 90-day timeline.

Despite defendant's untrue claim to the contrary, plaintiff did indeed attach to her complaint a copy of her right-to-sue letter from the EEOC.[2] While the right-to-sue letter is dated July 20, 2016, the complaint alleges (and defendant does not contest) that plaintiff received the letter on July 25, 2016. *See* Doc. #1 at 8. Defendant asserts that plaintiff was required to file suit

---

[2] Defendant repeatedly asserts that plaintiff did not attach a right-to-sue letter from the EEOC to her complaint, and even urges dismissal on that ground. *See* Doc. #23 at 2, 5 n. 6. Plaintiff's right-to-sue letter, however, is clearly appended to her complaint. Doc. #1 at 21–26.

on or before October 23, 2016, which was 90 days from July 25, 2016, and defendant faults plaintiff for filing her complaint one day late on October 24, 2016. But defendant overlooks the fact that October 23, 2016, fell on a Sunday. As plaintiff correctly points out in her response to the motion to dismiss, *see* Doc. #24 at 3, the Federal Rules of Civil Procedure instruct that when computing time, the Court should "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Plaintiff's complaint was therefore due no later than October 24, 2016, which is the date it was timely filed. Accordingly, I will deny defendant's motion to dismiss with respect to plaintiff's federal law claims on the ground of defendant's failure to understand how time is computed under the Federal Rules of Civil Procedure. The Court expects defendant's counsel not to misstate facts and to proceed with greater caution and competence with respect to future filings.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss (Doc. #22) is GRANTED in part and DENIED in part. Plaintiff's CFEPA claims (Counts Five and Six) are dismissed without prejudice to plaintiff's filing of an amended complaint by August 10, 2017, if she can establish that she timely exhausted her remedies. This case will otherwise proceed with respect to plaintiff's federal law claims (Counts One through Four).

It is so ordered.

Dated at New Haven, Connecticut, this 11th day of July 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge